# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| OSMENT MODEL TRAINS, INC. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 09-4189-CV-C-NKL |
| v. | ) |
| | ) |
| MIKE'S TRAIN HOUSE, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Mike's Train House, Inc.'s ("Mike's Train") Motion to Transfer Venue [Doc. #13] to the United States District Court for the District of Maryland. For the reasons set forth below, the Court denies Mike's Train's motion.

**I.  Background**

The parties' dispute arises from products manufactured by Osment Models, Inc., a Missouri corporation with its sole place of business in Linn Creek, Missouri; the copyrights for these products are held by O Co., a Kansas corporation with its sole place of business in Linn Creek, Missouri (collectively "Osment"). Osment alleges copyright infringement, false advertising, and unfair competition claims against Mike's Train, a Maryland corporation with its sole place of business in Columbia, Maryland.

1

Mike's Train moves the Court to transfer this action to the United States District Court for the District of Maryland under 28 U.S.C. § 1404(a). According to Mike's Train, the creation, development, photography, and distribution of all the allegedly infringing products took place in Maryland. Additionally, Mike's Train asserts that all of its documents and more than 10 witnesses – eight Mike's Train employees, two Mike's Train officers, and a third party – are located in Maryland. Osment responds that the design, development, manufacture, promotion, and sale of its copyrighted products occurred in Missouri. Furthermore, Osment maintains that all of its documents and all of its employee witnesses, three of which are named, are located in Missouri, and a third party is located in nearby Eureka Springs, Arkansas.

## II.   Discussion

Under 28 U.S.C. § 1404(a), the Court may transfer a civil action to another district where it might have been brought if such transfer furthers the interest of justice or is more convenient for the parties or witnesses. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Federal courts, however, give considerable deference to the plaintiff's choice of forum. *Id.* at 695. In this case, Mike's Train bears the burden of proving that a transfer is warranted, which it must do by clearly showing that the balance of the interests weighs in its favor. *See id.*; *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985). In determining a motion to transfer, "the court may consider a myriad of factors, including the convenience of the parties, the convenience of the witnesses, the availability of judicial process to compel the attendance of unwilling

witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if a transfer is granted, and practical considerations indicating where the case can be tried more expeditiously and inexpensively." *Houk*, 613 F. Supp. at 927. The trial court has discretion in deciding whether to grant or deny a change of venue. *See Hubbard v. White*, 755 F.2d 692, 694 (8th Cir. 1985).

Mike's Train has not met its burden because it has not clearly shown that the balance of interests weighs in its favor. Many of the factors outlined above are neutral and favor neither party. With regard to convenience of the parties, Mike's Train is inconvenienced by litigating this suit in Missouri, but Osment would be equally inconvenienced by litigating this suit in Maryland. This factor is neutral. With regard to convenience of witnesses, Mike's Train employee witnesses and third party witness are inconvenienced by traveling to Missouri, but Osment's employee witnesses and third party witness would be equally inconvenienced by traveling to Maryland. Although Mike's Train submits the names of more witnesses than the plaintiffs, motions for transfer are not "a battle of numbers." *Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 263 (W.D. Mo. 1980). Instead, witnesses are evaluated on "the nature and quality of their testimony in relationship to the issues of the case." *Houk*, 613 F. Supp. at 928. In this case, both parties identify witnesses with information critical to the issues in this case. Thus, this factor is neutral.

Both parties also cite the inconvenience that will be caused by transporting documents, but "any such documents can easily be photocopied and transported from

3

their place of storage." *Id.* at 932; *see also Am. Standard*, 487 F. Supp. at 264 ("[B]ecause usually many records, or copies thereof, are easily transported, their location is not entitled to great weight. . . . The moving papers must show the location, difficulty of transportation and importance of the . . . records."). Additionally, electronic presentation of evidence would reduce the expense of transporting documents. *See, e.g.*, *Employers Reinsurance Corp. v. Mass. Mut. Life Ins. Co.*, No. 06-0188, 2006 WL 1235957, at *3 (W.D. Mo. May 4, 2006). This factor is also neutral.

Regarding the interests of justice factor, judicial economy does not weigh in favor of a transfer. Mike's Train cites statistics that show the median time for case resolution is 7.5 months faster in the District Court of Maryland than in the Western District of Missouri. Osment counters that while 3.1 percent of cases pending in the Western District of Missouri are more than three years old, 17.9 percent of the cases pending in the District of Maryland are more than three years old. The Court finds these statistics unpersuasive because the parties have agreed to a scheduling order setting the trial date for this case in December 2010.

With regard to local courts determining local questions of law, Osment has made a common law claim based on Missouri law, but this factor is given little weight where, as here, the law to be applied is "neither complex [n]or unsettled." *Houk*, 613 F. Supp. at 932.

A transfer should not be granted if it "would merely shift the inconvenience from one party to another." *Id.* at 927-28. Granting the motion would shift the inconvenience

4

to Osment. Furthermore, Plaintiff's choice of forum is entitled to great weight. *Terra*, 119 F.3d at 695. Therefore, considering all of the factors, the Court holds that Mike's Train has not met its burden of clearly showing that the balance of interests weighs in its favor. Accordingly, the Court exercises its discretion and declines to transfer venue to the District Court of Maryland.

**III.    Conclusion**

Accordingly, it is hereby ORDERED that Mike's Train's Motion to Transfer Venue [Doc. # 13] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: <u>January 27, 2010</u>  
Jefferson City, Missouri