# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| OSMENT MODELS, INC. ) | |
| ) | |
| and ) | |
| ) | |
| O Co., ) | Case No. 2:09-cv-04189-NKL |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| MIKE'S TRAIN HOUSE, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiffs Osment Models, Inc., and O Co. (collectively, "Osment") and Defendant Mike's Train House, Inc. ("Mike's"), are companies engaged in the model railroad industry. Osment has sued Mike's for copyright infringement, false advertising, and unfair competition as to two of its copyrighted models. Before the Court are Mike's motion to exclude testimony of Miles Hale [Doc. # 152] and testimony of Shawn Fox [Doc. # 156]. Also pending is Osment's motion to exclude testimony of George E. Hoffer [Doc. # 171]. For the following reasons, the motion to exclude the testimony of Miles Hale is granted in part and denied in part, and the motion to exclude the testimony of Shawn Fox is denied. The motion to exclude the testimony of George E. Hoffer is granted in part and denied in part.

**I.      Discussion**

Under Rule 702 of the Federal Rules of Evidence, the Court may allow testimony of experts who have "sufficient specialized knowledge," *Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 715 (8th Cir. 2001), "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Therefore, under Rule 702, the Court considers (1) whether the expert testimony is relevant in that it will be useful to the trier of fact, (2) whether the expert is qualified to assist the finder of fact, and (3) whether the proposed evidence is reliable or trustworthy. As to trustworthiness, the Court looks to whether the evidence is (a) based upon sufficient facts or data, (b) the product of reliable principles and methods, and (c) the witness has applied those principles and methods reliably to the facts. *See* Fed. R. Evid. 702; *Lauzon v. Senco Prods., Inc.,* 270 F.3d 681, 686 (8th Cir. 2001) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993)). These considerations are made with an eye toward the factors set out in *Daubert*, 509 U.S. 579: whether a theory or technique can or has been tested; whether it has been subjected to peer review and publication; the known or potential rate of error; and whether the theory is generally accepted. *Id.* at 686-87.

### A.    Miles Hale

Mike's does not dispute Miles Hale's qualifications as a model maker or challenge the reliability or trustworthiness of the methodology he used to compare Osment's and Mike's' models. Nonetheless, because Mr. Hale admitted that he is not an expert of copyright law [Doc. # 155-2 (Hale Dep.), at 292:18-20], Mike's takes issue with Mr. Hale's opinions that (1) Osment's models are sufficiently original to be copyrightable and (2)

Mike's has infringed Osment's copyrights. [Doc. # 175, at 3]. Mike's additionally argues in its reply suggestions that Mr. Hale's statements on whether Mike's models "copied" Osment's models are "another way of opining that Defendant's [model] infringes Plaintiffs' [model]." [Doc. # 211, at 3]. However, the remainder of Mr. Hale's report, which includes detailed observations and comparisons of both parties' models, is not contested by Mike's.

As Mr. Hale is not a qualified expert in copyright law, he does not satisfy the requirements of Rule 702. Osment concedes that Mr. Hale should not be permitted to testify with regard to "ultimate issues of copyright validity and copyright infringement." [Doc. # 190, at 1]. Thus, the Court grants Osment's motion concerning Mr. Hale [Doc. # 152] only to the extent Mr. Hale discusses copyright law or makes conclusions concerning the application of copyright law. Specifically, the following are excluded from Mr. Hale's expert report [Doc. # 155-1]: (1) page 2, section entitled "Legal Principles," (2) page 3, last sentence of section entitled "Validity of Woodland Scenics' Copyrights," (3) page 4, last sentence of each of the last two paragraphs of sub-section entitled "The Townhouses," (4) page 5, last sentence of each of the last two paragraphs of sub-section entitled "The Gas Stations," (5) page 6, last sentence of each of the last two paragraphs of sub-section entitled "Train Passenger Depots." The Court will also preclude Mr. Hale from testifying that Mike's models were copied from Osment's model. This is an ultimate issue for the jury on a subject where specialized knowledge is not of sufficient value to invade the province of the jury.

**B.    Shawn Fox**

Mike's does not dispute Shawn Fox's qualifications as a damages expert. Mike's moves to exclude Mr. Fox's testimony because it alleges that the assumptions upon which he based his opinions are "speculative and contradicted by the evidence." [Doc. # 176, at 4]. "'As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination. Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded.'" *Wash Solutions, Inc. v. PDQ Mfg., Inc.*, 395 F.3d 888, 895 (8th Cir. 2005) (quoting *Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1061 (8th Cir. 2002)). The Court does not find that Mr. Fox's opinions are "so fundamentally unsupported" as to be excluded. Mr. Fox relies on admissible evidence including interviews with Osment's representatives, and company records such as sales histories and cost analyses of both parties. Defendant's contrary interpretation of the evidence upon which Mr. Fox relied does not bear upon the admissibility of Mr. Fox's opinions. The Court denies Defendant's Motion to Strike the Designation and Exclude the Testimony of Mr. Fox. [Doc. # 156].

**C.    George E. Hoffer**

George E. Hoffer is a "toy train" expert and a retired economics professor from the University of Virginia. Osment does not contest the veracity of Mr. Hoffer's credentials. Rather, Osment argues that Mr. Hoffer's toy train expertise and comments on Mike's' successes with locomotives are not relevant to the case, which concerns the model railroad industry and not the toy train industry. [Doc. # 172, at 3, 4]. To the extent Osment's

witnesses at trial take issue with Mike's reputation, Mr. Hale has sufficient background to opine on Mike's reputation even though he is a "toy train" expert. However, it does not appear that Mike's reputation for locomotives or rolling stock will be relevant to this lawsuit. Therefore, Osment's motion to strike that portion of Mr. Hale's testimony is granted.

Osment also argues that Mr. Hoffer did not identify the specific materials he reviewed to (1) determine competitors' prices, (2) draw conclusions on rates of marketing success in particular circumstances, and (3) comment on the trend toward prototypical modeling and realism in the model railroad industry. Plaintiffs argue that due to these omissions, Osment failed to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, which requires a written report identifying such things as "the data or other information considered by the witness" in forming her opinion. The Court finds, however, that because Mr. Hoffer included in his report sufficient "information considered" by him in forming his opinions, such as a rival's current catalog, and historical examination of marketing trends of other model railroad companies, Rule 26 has been minimally complied with. [Doc. # 162-1, at 6-7]. However, Mr. Hale will not be able to testify at trial with any greater specificity than what is contained in his report because the primary purpose of Rule 26 is to ensure the opposing party can test an expert's opinion. While failing to identify specific source in detail does not preclude the expert's testimony, it does preclude the expert from providing greater detail at trial. With that understanding, the Court denies in part Plaintiffs' motion to exclude the expert report and testimony of George E. Hoffer. [Doc. # 171].

**II.    Conclusion**

Accordingly, it is hereby ORDERED that Mike's motion to exclude all testimony of Miles Hale [Doc. # 152] is GRANTED in part and DENIED in part. It is also hereby ORDERED that Mike's motion to exclude the testimony of Shawn Fox [Doc. # 156] is DENIED. Osment's motion to exclude the testimony of George E. Hoffer [Doc. # 171] is GRANTED in part and DENIED in part.

                                                 s/ NANETTE K. LAUGHREY
                                                 NANETTE K. LAUGHREY
                                                 United States District Judge

Dated:   November 15, 2010
Jefferson City, Missouri