# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| OSMENT MODELS, INC. ) <br> ) <br> and ) <br> ) <br> O Co., ) <br> ) <br>       Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> MIKE'S TRAIN HOUSE, INC., ) <br> ) <br>       Defendant. ) | Case No. 2:09-cv-04189-NKL |

**ORDER**

Plaintiffs Osment Models, Inc., and O Co. (collectively, "Osment") and Defendant Mike's Train House, Inc. ("Mike's"), are companies engaged in the model railroad industry. Osment has sued Mike's for copyright infringement, false advertising, and unfair competition as to two of its copyrighted models. Before the Court are Osment's motions to exclude the testimony of Ralph Oman [Doc. # 167] and testimony of Bernard C. Dietz [Doc. # 169]. For the following reasons, both motions are granted.

**I.    Legal Standards**

    **A.    Expert Testimony**

Under Rule 702 of the Federal Rules of Evidence, the Court may allow testimony of experts who have "sufficient specialized knowledge," *Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 715 (8th Cir. 2001), "if scientific, technical,

or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Therefore, under Rule 702, the Court considers (1) whether the expert testimony is relevant in that it will be useful to the trier of fact, (2) whether the expert is qualified to assist the finder of fact, and (3) whether the proposed evidence is reliable or trustworthy. As to trustworthiness, the Court looks to whether the evidence is (a) based upon sufficient facts or data, (b) the product of reliable principles and methods, and (c) the witness has applied those principles and methods reliably to the facts. *See* Fed. R. Evid. 702; *Lauzon v. Senco Prods., Inc.,* 270 F.3d 681, 686 (8th Cir. 2001) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993)). These considerations are made with an eye toward the factors set out in *Daubert*, 509 U.S. 579: whether a theory or technique can or has been tested; whether it has been subjected to peer review and publication; the known or potential rate of error; and whether the theory is generally accepted. *Id.* at 686-87.

**II.     Discussion**

   **A.     Ralph Oman**

Mr. Oman is an expert in copyright law. He currently teaches patent and intellectual property law at George Washington University Law School and was previously the Register of Copyrights. In his expert report, Mr. Oman discusses different copyright doctrines and how the law ought to apply to the facts of this case. [Doc. # 195-1, at 10, 12, 13]. Ultimately, his report concludes with his opinion as to whether certain aspects of Osment's models are entitled to copyright protection. [Doc. # 195-1, at 17]. Osment contests the admission of Mr. Oman's testimony because the subject of which he is an expert–copyright

law–is a matter for the Court to decide. Moreover, Osment argues that any application of the law to the facts of the case is within the jury's domain, not an expert's. Finally, Osment states that what remains of Mr. Oman's testimony–a visual comparison of Osment's and Mike's' models, a discussion of 1930's architecture, and the customs in the modeling industry–should be excluded under the standards of Federal Rule of Evidence 702 and *Daubert* because he is not a qualified expert in those topics.

First, "[a]s a general rule, 'questions of law are the subject of the court's instructions and not the subject of expert testimony.'" *United States v. Klaphake*, 64 F.3d 435, 438-39 (8th Cir. 1995) (quoting *United States v. Vreeken*, 803 F.2d 1085, 1091 (10th Cir. 1986)). Even though copyright law is his field of expertise, to the extent that Mr. Oman's testimony discusses copyright law, the Court excludes such testimony because it is tantamount to instructing the jury on the law. That is for the Court to do, not a party's expert.

Next, Mr. Oman is neither a modeling expert or historian and "[his] opinions are not offered as an expert in architectural history or in model railroading." [Doc. # 195, at 6]. Thus, to the extent that Mr. Oman opines on 1930's architecture, and customs in the modeling industry, his opinions are excluded. As to his visual comparison of different elements of Osment's and Mike's models, he has no expertise in the modeling industry so his testimony is not based on any expertise and would be no more helpful to the jury than the testimony of any lay person identifying similarities and differences.

The bulk of Mr. Oman's remaining opinions regard the protectable and non-protectable elements of the parties' models, which are legal conclusions. These conclusions

necessarily incorporate Mr. Oman's own understanding of copyright law and knowledge outside his fields of expertise, both of which the Court has already excluded. Additionally, under Rule 702, the Court considers whether Mr. Oman's testimony would assist the trier of fact. It finds that it does not. "Opinion testimony is not helpful to the factfinder if it is couched as a legal conclusion. The requirement of 'helpfulness' assures against admitting opinions which would in essence tell the factfinder what result to reach." *Hogan v. Am. Tel. & Tel. Co.*, 812 F.2d 409, 411 (8th Cir. 1987) (citing *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir.1985); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir.1983); *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 511 n. 17 (2d Cir. 1977), *cert. denied*, 434 U.S. 861 (1977)). For these reasons, Mr. Oman's opinions on the protectable and non-protectable elements of the parties' models are excluded.

### B. Bernard C. Dietz

Mr. Dietz is an attorney who is an expert in copyright registration practice. While employed at the United States Copyright Office, he was trained as a visual arts examiner, headed the Arts Section for over ten years, attended and taught formal copyright law courses to staff, and authored books on copyright registration practice. Additionally, during his tenure, he "personally examined numerous claims in models and kits of the type involved in this litigation." [Doc. # 193-1, at 3]. Mike's asserts that Mr. Dietz's expert report assists the jury because it filters out the protectable from non-protectable elements of the models at issue. [Doc. # 193, at 2-3]. However, Osment contends, among other reasons, that Mr.

4

Dietz's testimony should be excluded because it consists of the same type of "opinions" given by Mr. Oman–bare legal conclusions.

The Court excludes Mr. Dietz's testimony because the sole purpose of his report is to opine on what elements of Osment's models are protectable. [Doc. # 193, at 2-3]. Although the report does not include lengthy discussion of copyright law, its conclusions are prefaced on Mr. Dietz's understanding of "what a copyright registration specialist confronted with the [parties' models] would have to determine." [Doc. # 193-1, at 5]. Any conclusions, then, necessarily incorporates Mr. Dietz's own understanding of copyright law. As the Court previously explained in analyzing Mr. Oman's testimony, an expert may not opine on the law in place of the Court nor draw legal conclusions on behalf of the jury.

The Court acknowledges that due to Mr. Dietz's past experience in examining models and kits similar to the ones at issue, he may provide keen physical observations, as opposed to mere legal conclusions, that will aid a jury in performing the extrinsic test. *See, e.g.*, *Moore v. Columbia Pictures Indus., Inc.*, 972 F.2d 939 (8th Cir. 1992) (Experts in music compared the musical expression in melodic chord progressions, basic song structure, bass lines, pitches, rhythms, and phrasing of the vocal melodic lines of two songs.); *Sun Media Sys. v. KDSM, LLC*, 564 F. Supp. 2d 946, 986-87 (expert testimony admitted regarding graphics, content, layout, and purpose of advertisements). However his observations are confined to a list of sculpted elements in Osment's models and statements regarding the presence or omission of these elements in Mike's' models and other common configurations between the models. [Doc. #193-1, at 6-8]. Moreover, Mr. Dietz does not use concrete,

specific observations, but instead, makes conclusory statements. For example: "Looking to items 2-11, 17, and 18, although the depictions are generically similar, the sculptural detail is significantly different . . . ." [Doc. # 193-1, at 7]. Thus, the Court is hard-pressed to find that a jury would benefit from expert testimony that merely notes observations that are arguably readily perceived by a lay jury, especially when the testimony offers no comparative analysis beyond vague generalities.

**II.     Conclusion**

Accordingly, it is hereby ORDERED that Osment's motions to exclude the testimony of Ralph Oman [Doc. # 167] and testimony of Bernard C. Dietz [Doc. # 169] are GRANTED.

   s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  November 15, 2010
Jefferson City, Missouri