# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| OSMENT MODELS, INC. ) | |
| ) | |
| and ) | |
| ) | |
| O Co., ) | Case No. 2:09-cv-04189-NKL |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| MIKE'S TRAIN HOUSE, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiffs Osment Models, Inc., and O Co. (collectively, "Osment") and Defendant Mike's Train House, Inc. ("Mike's"), are companies engaged in the model railroad industry. Osment has sued Mike's for copyright infringement, false advertising, and unfair competition as to two of its copyrighted models. Before the Court is Osment's Motion for Summary Judgment on Mike's' Counterclaims for malicious prosecution and abuse of process. [Doc. # 130]. For the following reasons, Osment's Motion for Summary Judgment is GRANTED. To the extent that Mike's moved for summary judgment on its counterclaims, such motion is DENIED.

## I.  Factual Background[1]

---

[1] The Court has considered the parties' statements of undisputed fact which are supported by evidence. In considering each party's motion, the Court has drawn all inferences in favor of

Osment and Mike's are companies engaged in the model railroad industry. On September 22, 2009, Osment filed a lawsuit against Mike's for copyright infringement, false advertising, and unfair competition relating to three different model designs. [Doc. # 1]. On January 4, 2010, Osment amended its complaint to add an additional model design. [Doc. # 26]. In May 2010, it was discovered among Osment's own papers that two of Osment's models ("Townhouse Designs") had been published before March 1, 1989, in an advertisement without a copyright notice. [Doc. # 183, ¶¶ 3, 20]. As such, Osment moved to voluntarily dismiss with prejudice those portions of its complaint that sought relief relating to the Townhouse Designs. [Docs. # 81; # 183, ¶ 21]. The Court granted the motion on June 7, 2010. [Doc. # 82]. Osment's other claims remain pending before the Court.

## II. Summary Judgment Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the non-moving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

---

the non-movant.

U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a district court must look at the record and any inferences to be drawn from it in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248.

## III. Discussion

### A. Malicious Prosecution

Under Missouri law, malicious prosecution requires: "(1) the commencement or prosecution of the proceedings against the present plaintiff; (2) its legal causation or instigation by the present defendant; (3) its termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage by reason thereof." *Stafford v. Muster*, 582 S.W.2d 670 (Mo. 1979) (en banc). The third element in a claim for malicious prosecution requires that the underlying proceedings be both (1) terminated and (2) in favor of the plaintiff.

In this case the underlying proceeding remains pending and has not terminated. Nonetheless, Mike's argues that its malicious prosecution claim should not be dismissed on summary judgment because the claims relating to the Townhouse Designs were terminated when Osment voluntarily dismissed them. *See Turman v. Schneider Bailey, Inc.*, 768 S.W.2d 108, 113 (Mo. Ct. App. 1988) (dismissal with prejudice constitutes termination in favor of plaintiff). Thus, according to Mike's, that claim has been finally resolved in its favor. Mike's directs the Court to *Boogher v. Bryant*, 86 Mo. 42 (1885), and *Hales v. Raines*, 141

S.W. 917 (Mo. Ct. App. 1911), as support that termination of only part of the underlying proceedings satisfies the termination requirement. [Doc. # 183, at 11].

*Boogher* was a malicious prosecution case based on two counts in an information for criminal libel. There had originally been five counts in the information: the two at issue were withdrawn by the prosecutor after the evidence for the state had been put in; Boogher was tried on the remaining three, and ultimately acquitted on those counts. Thus, the underlying proceeding against Boogher was terminated before he sued for malicious prosecution.

*Boogher* did not speak to whether a malicious prosecution was viable prior to the termination of underlying proceedings. Rather, *Boogher* clarified the "in favor of the plaintiff" portion of the third element in a malicious prosecution claim. The *Boogher* Court agreed with the Missouri Court of Appeals that Boogher could bring a malicious prosecution claim as to only those two counts that the state had withdrawn: "An action for malicious prosecution, based on one or more counts in an information for criminal libel, may be maintained where the information was without probable cause, as to those counts, though the plaintiff was convicted under other counts in the petition." *Boogher*, 86 Mo. 42 (citing 9 Mo. App. Reports 592). However, this statement must be understood in the context of the facts in *Boogher*, a case where the underlying proceeding had been fully terminated.

The Missouri Court of Appeals in *Hales v. Raines*, 141 S.W. 917 (Mo. Ct. App. 1911), clarified the holding of *Boogher* and explained how the two parts of element three, "termination" and "in favor of plaintiff," fit together:

> Where one has been prosecuted . . . in a civil action on a petition containing several counts, in which each and all of the counts declare upon separate and distinct causes of action, no one can doubt that he may maintain his suit for malicious prosecution on account of the counts of which he is discharged . . . though the case continues to proceed against him on other counts, of which he has not been finally discharged.

*Id.* at 921 (citing *Boogher*) (regarding the "in favor of plaintiff" part of element three). The court continued and spoke to the necessity of the termination of all proceedings:

> But, though such be true, the rule is wholly without influence, as it must be with respect to a case where the cause of action first declared upon still proceeds, and its prosecution is not ended. . . . *One matter which it is essential to show in a suit for malicious prosecution is that the prior prosecution or suit is ended*, and plaintiff in the malicious prosecution action is finally discharged therefrom. Until such appears, no cause of action as for a malicious prosecution has accrued, for the very good reason that plaintiff in the suit alleged to have been maliciously prosecuted may finally prevail, and thus put an end to the whole matter.

*Id.* at 921 (emphasis added) (regarding the "termination" part of element three).

It is arguable that *Hales* stands for the proposition that if at least one "cause of action" in the underlying suit, as opposed to the entire proceeding, is both terminated and in favor of the plaintiff, then a cause of action for malicious prosecution "accrues." It appears that Mike's relies on this inference from *Hales* to argue that it can bring its malicious prosecution claim even when other claims continue to be litigated.

However, this would be a strained reading of *Hales*. The case concerned a medical malpractice claim based in negligence. Hales had suffered severe burns after a doctor conducted a series of x-rays on his hand. After Hales sued the doctor, he accepted an involuntary nonsuit based on the court's instruction that he was not allowed to recover. Hales

5

later sued again with the same claim, but alleged fewer facts than in the previous suit. The doctor then brought a counterclaim of malicious prosecution. The Missouri Court of Appeals held that it had been error for the lower court to instruct the jury on the doctor's malicious prosecution counterclaim when Hales's claim had not yet been resolved. Despite the previous nonsuit, that Hales's second suit pertained to the same "cause of action" as the first suit meant that the prior suit was "still pending." *Id.* at 921. The court emphasized that Hales's second suit was the same "cause of action" in order to explain why the first suit had not yet terminated.

The use of the term "cause of action" in *Hales* is based on specific facts from the case, which are distinguishable from the facts before the Court. Therefore, it does not follow that the *Hales* court would find that the termination requirement only requires part of the underlying proceeding to be terminated. Indeed, *Hales* emphasized that it was essential that the "prior prosecution or suit is ended." *Id.* at 921. That finding by the *Hales'* court is consistent with current Missouri cases law. *See e.g.*, *Stafford v. Muster*, 582 S.W.2d 670 (Mo. 1979) (en banc); *Teefey v. Cleaves*, 73 S.W.3d 813, 817 (Mo. Ct. App. 2002) (citing *Ruzicka v. Universal Printing Co.*, 637 S.W.2d 834, 835-36 (Mo. Ct. App. 1982)); *Muegler v. Berndsen*, 964 S.W.2d 459, 462 (Mo. Ct. App. 1998). It is also consistent with the cases cited by Mike's from other jurisdictions, none of which held that termination of the underlying lawsuit is not a condition precedent to a claim for malicious prosecution. That conclusion is also practical because it would be inefficient to hear a malicious prosecution claim piecemeal. Finally, absent a finding under Fed. R. Civ. P. 54, a case is not final until

all claims are fully resolved. Thus, the Court's dismissal of the Townhouse claim is not a final adjudication, even as to that claim.

Therefore, Mike's' malicious prosecution claim cannot accrue until the entirety of the underlying proceeding is terminated.[2]

### B. Abuse of Process

One of the elements in an abuse of process claim is that "the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process." *Stafford*, 582 S.W. 2d at 678. Here, in its brief, Mike's fails to state what improper collateral use Osment obtained through its alleged abuse of process. It is insufficient that Mike's claims that Osment pursued the Townhouse Designs claims "with malice" or "knowingly asserted baseless claims." [Doc. # 182, at 15]. "[T]here is no abuse of process, even if the defendant had an ulterior motive in bringing the action or knowingly brought the suit upon an unlawful claim." *Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 320 (Mo. Ct. App. 2010) (citation omitted). Here, as a matter of law, an abuse of process claim cannot lie based on the current record.

---

[2]The Court takes no position on the question of what must be shown under Missouri law to prove the "in favor of plaintiff" prong of the third element of a malicious prosecution claim.

## II. Conclusion

Accordingly, it is hereby ORDERED that Osment's Motion for Summary Judgment [Doc. # 130] is GRANTED.  Further, Mike's motion [Doc. # 183] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  November 22, 2010  
Jefferson City, Missouri